# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16–602V
Filed: August 31, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SHEILA R. YOUNG, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Attorneys' Fees and Costs; |
| | * Special Processing Unit (SPU) |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for petitioner.
*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On May 23, 2016, Sheila Young ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*, (the "Vaccine Act").[2] Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on November 5, 2014. (ECF No. 1). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On April 14, 2017, the undersigned issued a decision based on the parties' stipulation, awarding petitioner $190,000.00. (ECF No. 25). On May 9, 2017, petitioner filed a Motion for Attorneys' fees and costs. (ECF No. 31). Petitioner requests

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$26,286.25 in attorneys' fees and $1,844.09 in costs, for a total award of $28,130.34.[3] (ECF No. 31).  The Motion includes time and expense sheets, a General Order #9 statement that petitioner did not incur any out-of-pocket expenses, details regarding petitioner's attorneys' costs, and a Declaration in Support of Application for Attorneys' Fees ("Declaration") from petitioner's counsel, Matthew Belanger, providing background information on himself and the members of his staff who worked on the case.  (ECF Nos. 31-1, 31-2, 31-3, and 31-4).

Respondent filed a response to petitioner's application on June 1, 2017.  (ECF No. 33).  Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent further notes that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.)  As such, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3.)  Petitioner filed no reply.  On July 5, 2017 petitioner filed the required supporting documentation for her counsel's requested costs.  (ECF No. 35).

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for several reasons.

First, petitioner requests compensation for paralegal work at an attorney rate.  It is well established that attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. HHS.*, 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. HHS.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

On May 19, 2016 Mr. Belanger billed 1.3 hours to, in addition to other tasks, "[p]repare Exhibits for Filing, paginate Petition after exhibits paginated and finalize all

---

[3] Petitioner's Motion indicates a total request of $28,170.33 in fees and costs.  (ECF No. 31 at 1).  However, $26,286.25 (petitioner's fee request) + $1,844.09 (petitioner's costs request) = $28,130.34.


initial filings."[4]  (ECF No. 31-2 at 2). The undersigned finds this entry represents attorney time billed for paralegal tasks[5] and reduces petitioner's fee award by $325.00.[6]

Second, petitioner's counsel billed for work performed by both attorney Kathryn Bruns and paralegal Karan Sharak.  The undersigned notes that attorneys' fees are awarded for hours reasonably expended, and counsel should not include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1939-40 (1983).  On May 25, 2016, Karen Sharak billed 1.7 hours for the following tasks: "[p]repared and e-filed Aff, Exhibits 2-10, Statement of Completion." (ECF No. 31-2 at 2).  On May 26, 2016, Ms. Bruns billed 1.2 hours as follows: "[w]ork with K. Sharak on drafting and filing Notices of Filing, Exhibit List and Statement of Completion. Supervise e-filing of same and all Exhibits."[7]  (*Id.*) The work performed by Ms. Bruns is duplicative of that performed by Ms. Sharak.  *See, e.g. Turkupolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2015 WL 393343, at *6 (Fed. Cl. Spec. Mstr. Jan. 9, 2015) (petitioner's fees reduced "for duplicative meetings, editing, and review"); *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 2465811, at *4 (Fed. Cl. Spec. Mstr. May 30, 2008) (special master reduced the amount of compensable attorney time for work that was duplicated by senior and junior attorney). Accordingly, the undersigned reduces petitioner's fee request by $300 for the 1.2 hours of time duplicatively billed by Ms. Bruns.  The undersigned further notes these duplicative time entries describe tasks that are paralegal in nature.

Finally and most significantly, petitioner's counsel has billed for time spent researching the Vaccine Program and training staff.  Recovery of attorneys' fees and costs is limited by the Vaccine Act to reasonable fees and costs "incurred in any proceeding" on a vaccine petition.  §15(e)(1).  Time spent learning about the Vaccine

---

[4] Ms. Bruns' name and Mr. Belanger's initials are both associated with this entry making it unclear who performed the May 19, 2016 tasks.  (ECF No. 31-2 at 2).  However, based on a review of the total number of hours billed by counsel it appears this time was billed by Mr. Belanger at his $350.00 an hour rate. (ECF No. 31-2 at 4).

[5] The undersigned notes that this entry also includes time spent by counsel "review[ing] new medical records" which is appropriate to bill at an attorney rate. (ECF No. 31-2 at 2).  However, as the time spent on the various tasks is not separated and both paralegal and attorney work is detailed the billed time is reimbursed at the paralegal rate.

The undersigned notes that grouping multiple activities into single time entries is frowned upon and makes a line-by-line analysis nearly impossible.  *See, e.g. Riggins v. Sec'y of Health & Human Servs.*, 99-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009).  Attorneys are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 68 (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf).

[6] This reduction is calculated as follows:  1.3 hours x $350.00 (Mr. Belanger's rate) = $455.00.  1.3 hours x $100 (petitioner's counsel's paralegal rate) = $130.00.  $455.00 - $130.00 = $325.00.

[7] The undersigned further finds that time spent supervising employees is not compensable.

Program is not compensable.  *See, e.g., Barry v. Sec'y of Health & Human Servs.*, No. 12–039V, 2016 WL 6835542 at *6 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing petitioner's fee request for time spent researching the Vaccine Program and reviewing petition requirements); *Matthews v. Sec'y of Health & Human Servs.*, No. 14–1111V, 2016 WL 2853910 at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016); *Calise v. Sec'y of Health & Human Servs.*, No. 08–865V, 2011 WL 2444810 at *8 (Fed. Cl. Spec. Mstr. June 13, 2011) (noting that "basic education [is] not compensable under the Program").  The rationale for barring compensation for Program-related research is grounded in the notion that "an inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar.  If an attorney may not bill his client for [a] task, the attorney may also not bill the Program for [the] task." *Carter v. Sec'y of Heatlh & Human Servs.*, No. 04–1500V, 2007 WL 2241877 at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

On May 20, 2016, Ms. Bruns billed 1.5 hours as follows: "[r]eview procedures for filing new petition with Court.  Detailed email to BG regarding same.  Discuss with MFB.  Follow up meeting with BG regarding same.  Review and edit Notice of Filing and Exhibit Lists."[8]  (ECF No. 31-2 at 2).  Because time spent researching or learning about the Vaccine Program is not compensable, the undersigned reduces petitioner's fee request by $375.00.[9]

Additionally, on May 20, 2016 Ms. Bruns billed two hours of time to "[w]ork with KS on how to prepare exhibits for filing.  Train regarding same.  Review all exhibits."[10] (ECF No. 31-2 at 2).  As counsel may not bill for time spent researching or learning about the Vaccine Program, it follows that training staff is likewise not compensable.  Accordingly, the undersigned reduces petitioner's fee request by $500.00 for this time.[11]

For the reasons discussed above the undersigned reduces petitioner's fee request by a total of $1,500.00.[12]

Petitioner requests reimbursement for attorney costs in the amount of $1,844.09. (ECF No. 31)  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount sought. (ECF No. 35).

---

[8] The undersigned notes that this entry contains both compensable and non compensable time, however as discussed supra at footnote 5 grouping multiple tasks into a single time entry frustrates the court's ability to assess reasonableness.  Accordingly, the undersigned reduces the total request of 1.5 hours.

[9] This reduction is calculated as follows: $250.00 (Ms. Bruns' hourly rate) x 1.5 hours = $375.00.

[10] Ms. Sharak's name and Ms. Bruns' initials are associated with this entry.  (ECF No. 31-2 at 2).  However, based on a review of the total number of hours billed by each, and the fact that the entry indicates that the biller was working with "KS," it is evident this time was billed by Ms. Bruns at her $250.00 an hour rate. (ECF No. 31-2 at 2, 4).

[11] This reduction is calculated as follows: $250.00 (Ms. Bruns' hourly rate) x 2 hours = $500.00.

[12] $325.00 (reduction for paralegal time) +$300.00 (reduction for duplicative billing) +  $375.00 + $500.00 (reductions for time spent learning/researching/training in regard to the Vaccine Program) = $1,500.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  In sum, the undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees: | $26,286.25 |
| Reductions | -1,500.00 |
| **Adjusted Fees Total:** | **$24,786.25** |
| Requested attorneys' costs: | $1,844.09 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $1.844.09** |
| **Total Attorneys' Fees and Costs Awarded:** | **$26,630.34** |

**Accordingly, the undersigned awards a total of $26,630.34,[13] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Matthew Belanger.**

The clerk of the court is directed to enter judgment in accordance with this decision.[14]

**IT IS SO ORDERED.**

                                        **s/Nora Beth Dorsey**
                                        Nora Beth Dorsey
                                        Chief Special Master

---

[13] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.